## JOHNSON v INDUST. COMM.

Common Pleas Court, Hamilton Co.

No. A68692.   Decided Feb. 1, 1940.

Thomas J. Herbert, Attorney General, Columbus; Edward A. Schott, Asst. Attorney General, Cincinnati, for the demurrer.

David L. Shannon, Cincinnati, contra.

### OPINION

By RYAN, J.

The defendant demurs to the petition on the grounds (1) that the court has no jurisdiction of the subject of the action, and (2) that the petition does not state facts sufficient to constitute a cause of action.

The petition in addition to setting forth the customary jurisdictional allegations alleges that "while plaintiff was engaged in the service of the Schaefer Tailoring Company she was severely reprimanded by one Samuel Kaufman, her foreman, by his constant and violent shouting and nagging that as a result of the violence of said foreman Samuel Kaufman plaintiff became hysterical and numb and had to be removed to her home in an ambulance where she remained for a period of approximately four weeks suffering from intense hysteria and hysterical paralysis. Plaintiff states that at no time prior to March 23, 1938, had she suffered from any nervous condition."

In support of the demurrer it is argued that the plaintiff does not set forth a physical or traumatic condition, accidental in origin and cause and the result of a sudden extraordinary and unusual happening.

In the case of **Goodman v Industrial Commission, 135 Oh St 81 at 82, 13 OO 419**, the court says:

"Whatever the rule in other jurisdictions may be, the Supreme Court of Ohio, through a long line of decisions, has consistently defined the meaning of the term 'injury' as used in the constitution and statues, to be physical or traumatic injuries accidental in their origin and cause; the result of a sudden happening at a particular time."

Considering the allegations of the petition this court is of the opinion that the plaintiff did suffer a physical injury as a result of a sudden happening, to-wit, the abuse to which she was subjected by the foreman at the particular time, which on proper proof would entitle her to share in the Workmen's Compensation Fund.